# Richard Grist et al., Plffs. in Err., *v.* John Mundell et al.

In an action for the consideration named in a written agreement, the receipt of the consideration being expressly acknowledged therein, a statement which sets forth the agreement with an averment of demand and refusal, but no averment of mistake or that the consideration is unpaid, is insufficient, under the act of May 25, 1887, to put the defendant to an affidavit of defense.

(Argued March 23, 1888. Decided April 2, 1888.)

January Term, 1888, No. 202, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to Common Pleas No. 2 of Philadelphia County to review a judgment refusing judgment for the plaintiffs for want of a sufficient affidavit of defense in an action of assumpsit, September term, 1887, No. 219. Affirmed.

This was an action of assumpsit brought by Richard Grist and Désiré Patin against John Mundell and Edwin F. Partridge, copartners, trading as John Mundell & Company, to recover the sum of $500, with interest, the consideration of a certain written contract; in which suit the following statement, containing a copy of said contract and averments of the demand and nonpayment of said consideration, was filed:

The plaintiffs bring suit upon the following contract, *viz.:*

"Whereas, Richard Grist and Désiré Patin, both of Philadelphia, Pennsylvania, have invented certain improvements in shoes or gaiters, for which they applied for letters patent of the United States, June 7, 1883, Serial No. 97,396, and have adopted as a trademark for the said articles the name 'Newport Grand.'

"And whereas, the firm of John Mundell & Company, also of

NOTE.—Where a statement is based upon a written contract, which by its terms contradicts the claim, an allegation of fraud, accident, or mistake in the agreement must be made. Wodock v. Robinson, 148 Pa. 503, 24 Atl. 73; Clark v. Lindsay, 7 Pa. Super. Ct. 43. An affidavit of defense is not required where the statement does not show a cause of action. Capital City Mut. F. Ins. Co. v. Boggs. 172 Pa. 91, 33 Atl. 349; Gould v. Gage, 20 W. N. C. 553; Barr v. McGary, 131 Pa. 401, 19 Atl 45; Laubach v. Meyers, 147 Pa. 447, 23 Atl. 765; Peale v. Addicks, 174 Pa. 543, 34 Atl. 201.

Philadelphia, is desirous of acquiring the right to make the said improvements and to sell the same under the said trademark.

"Now, therefore, in consideration of the payment to the said Grist and Patin of the sum of $500, and the receipt of which is hereby acknowledged, and for the further consideration of the keeping by the said John Mundell & Company of the covenants hereinafter contained, the said Grist and Patin agree to grant to the said John Mundell & Company, on the issue of said letters patent, the right to make the said improved shoes at a manufactory in the city of Philadelphia, and in no other place or places, and to sell the said shoes under their adopted trademark, 'Newport Grand,' anywhere throughout the United States and the territories thereof.

"The said John Mundell & Company, on their part agree, on the issue of said letters patent, to pay to the said Richard Grist and Désiré Patin, their heirs or assigns, a royalty or license fee, at the rate of —— for each and every pair of said improved shoes or gaiters made and sold by the said firm; and they further agree to sell the said shoes or gaiters under the trademark, 'Newport Grand,' and they also agree to render to the said Grist and Patin, their heirs or assigns, on the first of each and every month from and after the date of the said patent, a statement of account setting forth the number of pairs of said improved shoes made and sold by them during the preceding month, and to pay over to the said Grist and Patin, their heirs or assigns, the royalties due thereon, as herein provided.

"It is understood and agreed that this license or shop right is not transferable, and is to be exercised only in one manufactory at a time.

"Nothing in this agreement is to be construed as making the parties hereto partners, or as making one liable for the individual acts of another.

"On a failure of the said John Mundell & Company to render statements or to make payments as provided, the said Grist and Patin may revoke this right and license on giving thirty days' notice to the said John Mundell & Company; but the latter shall not thereby be released from the payment of royalties then due.

"In testimony whereof, the said Richard Grist and Désiré

Patin and the said John Mundell & Company have hereunto set their hands, this twenty-fifth day of June, 1883.

Witnesses:                            John Mundell & Co.,

     J. F. Webb,                            Richard Grist,

     Thos. Grist.                          Désiré Patin."

And although upon the second day of October, 1883, letters patent (No. 286,139) of the United States of America, for improvements in shoes or gaiters, were granted to the said plaintiffs, in accordance with their application of June 7, 1883 (as per copy of contract), and although the said plaintiffs have, subsequent to the issuing of said letters patent, tendered the defendants the said license or shop right set forth in the said contract, and have demanded the $500, consideration named in the said contract, yet the defendants refused, and still do refuse to pay the plaintiffs the said sum of $500 or any part thereof; and therefore the plaintiffs bring suit for the sum of $500, with interest from October 2, 1883.

The statement was duly verified by affidavit.

Defendants filed a "suggestion of defense" sworn to by John Mundell, in which he suggests to the court that the statement filed in the above case is not such a one as would entitle the plaintiffs to a judgment for want of an affidavit of defense under the act of May 25, 1887.

Plaintiffs took a rule for judgment, for want of a sufficient affidavit of defense, but the court discharged the rule.

The assignments of error specified the action of the court: (1) In discharging the rule for judgment for want of a sufficient affidavit of defense; and (2) in not entering judgment for the plaintiffs, and against the defendants, for want of a sufficient affidavit of defense.

*Darlington & Crawford* and *Jos. N. Dougherty,* for plaintiffs in error.—The only question raised in this case is the sufficiency of the plaintiffs' statement, under the procedure act of May 25, 1887 (P. L. p. 271).

This act provides, § 3: "The plaintiff's declaration in each of the said actions, namely: the action of assumpsit and the action of trespass, shall consist of a concise statement of the plaintiff's demand, as provided by the 5th section of the act of March 21, 1806, which, in the action of assumpsit, shall be accompa-

nied by copies of all notes, contracts, book entries, . . . and in the action of assumpsit shall be replied to by affidavit."

Sections 5 and 6 give the plaintiff the right to judgment, for want of or insufficiency in the affidavit of defense. It follows, therefore, that the sufficiency of the statement under the act of 1887 must be determined by the decisions of this court upon the act of 1806. In these decisions the court has invariably taken a most liberal view of the act, refusing to apply the technical rules of pleading or to require anything more in a statement than the legislature requires by the act.

Purviance v. Dryden, 3 Serg. & R. 402, decided that the statement under the act of March 21, 1806, is not restricted to any particular form.

In Boyd v. Gordon, 6 Serg. & R. 53, the court said: "In a statement, it is not necessary that the plaintiff should aver the performance of precedent conditions, for that is implied by the very act of bringing suit for money that could not otherwise be demandable; Riddle v. Stevens, 2 Serg. & R. 537, goes this length. The legislature never intended that a plaintiff should disclose his cause of action in a statement with the same nicety and precision of averment that is necessary in a declaration; for that would do nothing toward effecting the object in view, which was to enable suitors, if they should think proper, to conduct their causes in plain cases, without the intervention of counsel. They have, therefore, required the plaintiff to specify only 'the date of the promise, book account, penal or single bill, and the whole amount that he may believe is justly due.' By what authority shall we exact more ?"

Reed v. Pedan, 8 Serg. & R. 263, held that all that the law requires is such a statement as would give information of the nature of the claim, and enable a defendant to plead a judgment on it in bar of any other action. See also Bailey v. Bailey, 14 Serg. & R. 195.

Nothing is indispensable to a statement which has not been made so by the statute, which has substituted it for a declaration, and that requires no more to be specified than the date of the contract and the amount supposed to be due by it. The terms must, doubtless, be set forth in an intelligible manner, for it would not else appear that there is an available cause of action; but performance of conditions precedent and everything

beyond the defendant's engagement to pay may be omitted. Snevely v. Jones, 9 Watts, 436.

The statement even goes further than is required by either of the acts of 1806 or 1887, in averring the performance of all conditions imposed upon the plaintiffs by the terms of the contract, *viz.*: Issuing of letters patent, tender of the shop right, demand for the payment of the consideration named in the contract, and the refusal of the defendants to pay the same or any part thereof, thus bringing the case within the old practice, as ruled by this court in Vulcanite Paving Co. v. Philadelphia Traction Co. 115 Pa. 280, 8 Atl. 777, in which it was held that an instrument in writing for the payment of money was within the affidavit of defense law of March 28, 1835, although not exhibiting on its face a prima facie right in plaintiff to recover, if it be helped out by proper averments.

*George H. Earle, Jr.,* and *Richard P. White,* for defendants in error.—The law, as it now stands in this country, requires full affidavits from plaintiffs as well as defendants; and until the plaintiffs have fully complied with the rules they cannot, of course, call upon the defendants at all. Strock v. Com. 90 Pa. 272; Hutchinson v. Woodwell, 107 Pa. 509.

Nothing must be left to inference except that which must necessarily be inferred. Kaufman v. Cooper Iron Min. Co. 105 Pa. 542; Comly v. Bryan, 5 Whart. 265; Black v. Halstead, 39 Pa. 64; Blackburn v. Ormsby, 41 Pa. 101.

PER CURIAM:

The court below committed no error in refusing to enter judgment for want of a sufficient affidavit of defense. The copy of the contract filed by the plaintiffs does not upon its face show any liability on the part of the defendants; and this defect was not cured by the averments. The receipt of the consideration money ($500) was acknowledged on the paper, and it is nowhere averred that it was not paid. The case will have to go to a jury.

Judgment affirmed.